IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES CRAWFORD on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO. 20-00376-KD-M<br>) |
| GULF COAST MOTOR SALES, INC., registered as PALMER'S AIRPORT TOYOTA, INC., d/b/a PALMER'S TOYOTA SUPERSTORE, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER

This Fair Labor Standards Act action is now before the Court on the joint motion to dismiss with prejudice or, in the alternative, for approval of the parties' settlement (doc. 27). Upon consideration, and for the reasons set forth herein, the stay of this action is LIFTED *sua sponte*, the joint motion to dismiss is DENIED, the alternative joint motion for approval of the settlement agreement is GRANTED, and the settlement agreement is approved as a fair and reasonable resolution of an FLSA dispute. Accordingly, this action is DISMISSED with prejudice.

I. Background

Plaintiff James Crawford filed a collective action complaint[1] pursuant to the Fair Labor Standards Act (doc. 1). Defendant Gulf Coast Motor Sales, Inc. moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., pursuant to the parties' Binding Pre-

---

[1] Two persons other than Crawford filed opt-in notices: Leotis White and Terrance Dorch (docs. 2-2, 2-3). However, Crawford never moved to certify the collective action.

Dispute Arbitration Agreement, and to dismiss the complaint, or alternatively, to stay the proceedings pending arbitration (docs. 14, 14-2, 18). Plaintiff opposed the motion (doc.16). The motion to compel arbitration and the motion to stay were granted (doc. 20). The motion to dismiss was denied (Id.).

The parties were ordered to file joint reports as to the status of the arbitration. The parties first reported that Plaintiff had sent a written demand for arbitration and that Defendant would provide Plaintiff with a list of five proposed arbitrators (doc. 21). The parties next reported they had "reached an agreement in principle to resolve" the action and were "in the process of finalizing settlement paperwork" (doc. 23). In lieu of the next status report, the parties filed a joint stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (doc. 25).

The Court ordered additional briefing on the issue of whether it is required to determine the fairness and reasonableness of the settlement pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), before dismissing this action (doc. 26). The parties have now filed their joint motion to dismiss with prejudice or, in the alternative for approval of the parties' settlement, which contains the additional briefing (doc. 27). The parties report that upon consideration of the uncertainty, risks, and costs of arbitration, and the time required to arbitrate, they settled their FLSA dispute prior to arbitration.

II. <u>Analysis</u>

A. <u>Joint motion for dismissal with prejudice without approval of the settlement agreement</u>

The parties "submit that the Court should dismiss the action with prejudice and 'decline[] to approve the settlement because it has already remitted this matter to arbitration in accord with the terms of a valid and enforceable arbitration provision upon Defendants' application to

compel arbitration.'" (Id., p. 2). They argue that "[b]ecause the Parties agreed to resolve all disputes among themselves pursuant to the FAA and because Plaintiffs' FLSA claims are arbitrable, this Court does not have jurisdiction to review the Parties' settlement." (Id., p. 3).

The parties take the position that once an FLSA claim has been compelled to arbitration, the district court loses jurisdiction. From this, they reason that a settlement reached after the order compelling arbitration but before the arbitration begins, does not require judicial review, and therefore, the Court should dismiss this action with prejudice on their joint motion and decline to approve the settlement agreement.

The parties did not cite any specific rule or case law in support of their argument that this Court has lost jurisdiction by granting a motion to compel arbitration. Rule 12(h)(3) appears appropriate. The Rule provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The parties did not provide any cases from the Eleventh Circuit to support their position. Instead, they cite Agha v. TForce Final Mile, LLC, 2018 WL 6982112, *1 (S.D. N.Y. Dec. 26, 2018). Similarly, the court had granted TForce's motion to compel arbitration. However, before the arbitration commenced, Agha unilaterally moved pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) for approval of a settlement agreement. In Cheeks, the Second Circuit had held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." Id. at 206. Thus, by citing Cheeks, Agha appears to have sought a dismissal with prejudice with approval of the court. However, the court declined to approve the settlement "because it had already remitted this matter to arbitration in accord with the terms of a valid and enforceable arbitration

3

provision" 2018 WL 6982112 at *1.[2] The court explained that "[h]aving commenced the arbitration process pursuant to a court order compelling arbitration under a valid and enforceable arbitration provision, the parties waived their choice of a judicial forum." Id. The court also perceived Agha's motion and settlement agreement as an attempt to circumvent arbitration. Id.

Overall, the court did not dismiss the action for lack of subject matter jurisdiction on basis that it had referred the FLSA dispute to arbitration. Instead, the parties in Agha ultimately returned to the court with a joint stipulation of dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which the court approved, and then dismissed the action. See Agha v. TForce Final Mile, LLC, Civil Action No. 17-07301-WHP (S.D. N.Y. 2017).

On brief research, this Court has not found any Eleventh Circuit case law which could support the parties' theory that jurisdiction was lost when it ordered the parties to arbitrate. Courts routinely stay actions pending arbitration and later address motions to confirm or vacate arbitration awards. Moreover, the Federal Arbitration Act specifically provides for a stay of proceedings when issues therein are "referable to arbitration":

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

---

[2] Agha provided the court with "settlement materials" and sought judicial approval of the settlement. 2018 WL 6982112 at *1. The settlement materials were not signed by anyone identifying themselves as an arbitrator and there was no indication that an arbitration award was made. The Settlement Agreement and Release was signed only by Agha. See Agha v. TForce Final Mile, LLC, Civil Action No. 17-07301-WHP (S.D. N.Y. 2017 (doc. 29, Letter Motion; doc. 29-1, Negotiated Settlement Agreement and Limited Release).

9 U.S.C. § 3.

Accordingly, the joint motion to dismiss is DENIED.

B. Motion for approval of the parties' settlement

In the Eleventh Circuit, FLSA claims can be settled or compromised either by supervision of the Secretary of Labor or a court-approved private settlement. Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350 (11th Cir. 1982). Specifically,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. ... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Lynn's Food, 679 F. 2d at 1354. The Eleventh Circuit further explained that pursuant to the provisions of the FLSA, the Court must "scrutinize[e] the settlement for fairness" to the plaintiff and determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act provisions." Lynn's Food, 679 F. 2d at 1353); see also Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009). This requirement is based upon the FLSA's purpose of protecting certain rights of employees.

In the complaint, Plaintiff alleges that Defendant failed to pay overtime (Count One) and failed to pay minimum wage (Count Two) in violation of 29 U.S.C. § 201, *et seq*. (doc. 1). Defendant denied these allegations (doc. 13). In their joint motion, the parties state that each believes their position has merit (doc. 27, p. 5). The parties also state that the "action involves

disputed issues, primarily (1) primarily (1) whether Plaintiffs were exempt from the overtime provisions of the FLSA; and (2) the amount of alleged overtime at issue, if no exemption applies. Specifically, Defendant claims that Plaintiffs were subject to one or more exemptions from the overtime provisions of the FLSA and, to the extent they were not exempt from the overtime provisions of the FLSA, Plaintiffs' overtime work for Defendant was de minimus." (doc. 27, p. 4). Thus, the parties have shown a bona fide dispute over FLSA provisions.

Next, the Court must determine whether the settlement is a fair and reasonable resolution of that dispute. The parties did not file a separate written settlement agreement. Instead, the terms of the settlement agreement are set forth in joint motion. Specifically, the parties state that plaintiffs are receiving "more than 80%" of their "full recovery under the FLSA, as estimated by Plaintiff's counsel" (doc. 27, p. 4). The Court finds that receipt of "more than 80%" is fair and a reasonable compromise of the dispute in view of the uncertainty of whether arbitration would have resulted in a more favorable settlement or award and the time required to complete the arbitration process.

Additionally, the parties seek approval of attorney's fees and costs in the amount of $7,000.00 and "agree that the amount of costs and attorney's fees are appropriate and were negotiated separate and apart from Plaintiffs' FLSA claims." (doc. 27, p. 4). The parties state that they engaged in extensive discovery after which they negotiated this settlement. Also, the docket shows that Plaintiffs' counsel responded in opposition to Defendant's motion to compel arbitration and participated in the parties' planning meeting and report. After the action was compelled to arbitration, Plaintiffs' counsel participated in the preparation of two status reports, and the joint stipulation of dismissal, as well as the joint motion now before the Court.

Upon consideration of the foregoing, and relying upon its own knowledge and

experience, the Court finds that the separately negotiated and agreed-upon sum of $7,000.00 is a reasonable attorney's fee. Laney v. BBB Logistics, Inc., 844 Fed. Appx. 203, 210 (11th Cir. 2021) ("It is long settled in this circuit that when a court is determining the reasonableness of attorneys' fees, the court, as a matter of law, is itself an 'expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses.'") (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

III. Conclusion

For the reasons set forth herein, the stay of this action is lifted *sua sponte*, the joint motion to dismiss is denied, the alternative joint motion for approval of the settlement agreement is granted, and the settlement agreement is approved as a fair and reasonable resolution of an FLSA dispute. Accordingly, this action is dismissed with prejudice.

Stipulated judgment approving the fairness and reasonableness of the settlement as required by Lynn's Food shall be entered by separate document.

**The Court does not retain jurisdiction to enforce the settlement agreement**.

DONE and ORDERED this the 2nd day of May 2022.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE